IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ZACHARY STAN SMITH, | ) | Case No. 06-50738 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION**

This matter came before the Court for hearing on July 31, 2008 upon the Motion for Authority to Convey Real Property (the "Motion to Sell"), filed by the above-referenced debtor (the "Debtor") on July 17, 2008, and the Trustee's Objection to Motion for Authority to Convey and Refinance of Certain Real Property and Request for Continuance of Hearing (the "Objection to Sale"), filed by Edwin H. Ferguson, Jr. (the "Trustee") on July 25, 2008.  At the July 31, 2008 hearing,[1] Thomas C. Flippin appeared on behalf of the Debtor.  On July 31, 2008, the Court ordered that the Real Property be sold and that the net sale proceeds be held in escrow pending further orders of the Court, preserving the Trustee's objection until a later hearing concerning the net proceeds.  On August 20, 2008, a further hearing was held, and Mr. Flippin appeared on behalf of the Debtor, Daniel C. Bruton appeared on behalf of Surrey Investment Services, Inc., and the Trustee appeared in his capacity as Chapter 7 trustee.  The Trustee and the Debtor were allowed additional time to file briefs in support of their positions, which they did on September 18, 2008.  Based upon a review of the pleadings, the evidence presented at the hearings, and a

___

[1]The Trustee's motion to continue the hearing was denied by order entered July 30, 2008.

1

review of the entire official file, the Motion to Sell will be granted, with the net proceeds from the sale transferred to the Debtor.

## JURISDICTION

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(N), which this Court has the jurisdiction to hear and determine.

## FACTS

On June 8, 2006, the Debtor filed a Chapter 7 petition.  On his Schedule A, the Debtor listed his residence (the "Real Property") as having a value of $226,830, with a first lien on the property in the amount of $237,719.  On August 7, 2006, the Trustee filed a report of no distribution.  On December 5, 2006, the Court entered an order granting the Debtor's discharge, and on January 3, 2007, the case was closed.

Less than a month later, on February 2, 2007, the Trustee moved to reopen the case to administer an asset, a lawsuit, that had not been listed on the Debtor's schedules.  On May 11, 2007, the Court[2] entered an order reopening the case.  On April 1, 2008, the Debtor amended his property exemptions on Form 91C to exempt part of the unlisted asset.  On July 17, 2008, the Debtor filed the Motion to Sell, which sought Court authority to sell the Real Property to his fiancé for $315,000, which is $88,170 greater than the value listed on Schedule A.  The sale was allowed, and it has now closed.  After the payment of all liens and encumbrances, the closing

---

[2]The May 11, 2007 order was entered by the Honorable Catharine R. Carruthers.

attorney is holding net proceeds in the approximate amount of $75,000[3] (the "Net Proceeds") pending further orders of the Court. The facts are not in dispute.

## ANALYSIS

The issue in this case involves the final distribution of the Net Proceeds. The Trustee argues that when a case is reopened, all previously abandoned property becomes property of the estate. In the present case, the Trustee argues, the Real Property became property of the estate upon the reopening of the case,[4] and that therefore the Net Proceeds are also property of the estate. The Debtor argues that all property of the estate that is not administered by a trustee is abandoned upon closing of the case. Abandoned property reverts to the Debtor and such abandonment is irrevocable. In the present case, because the Real Property is property of the Debtor, the Debtor argues that all of the Net Proceeds belong to him.

The first issue is whether property not administered by the closing of a case can become property of the estate when the case is reopened. Property that is not administered at the close of the case is considered "abandoned" by the trustee under Section 554(c). Abandoned property is no longer property of the estate. It is well settled in this district that a case may not be reopened under Section 350(b) if all the assets in the case have been properly scheduled and abandoned under Section 554(c), unless there is "cause." In re Burchette, No. 00-51766, slip op. at 3 (Bankr. M.D.N.C. June 21, 2002) (2002 WL 31051033) (Carruthers, J.). It is also well settled

---

[3] The record does not reveal the exact amount of the Net Proceeds.

[4] The Trustee asserts that his argument is supported by the fact that the Debtor amended his exemptions after the case was reopened. Although F.R.B.P. 4003(b)(1) allows a new 30-day period to object to exemptions upon an amendment of a debtor's exemptions, this fact does not assist the Court in determining whether abandoned property is property of the estate in a reopened case.

that assets not listed on the debtor's schedules are not abandoned under Section 554(c) and remain property of the estate. In re Hamlett, 304 B.R. 737, 743 (Bankr. M.D.N.C. 2003) (Stocks, J.). However, the issue in this case is not addressed by these two cases. The Real Property was scheduled, and at the close of the case it was abandoned under Section 554(c), but the Debtor's case was reopened to administer a different asset, one that had not been scheduled.

The Court first looks to the language of Section 554(c): "Unless the court orders otherwise, any property scheduled under section 521(1)[5] of this title not otherwise administered a the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title." 11 U.S.C. §554(c) (emphasis added). A number of cases recognize a general rule that abandonment is irrevocable, even if it is subsequently discovered that the abandoned property had greater value than previously believed. See In re Lintz West Side Lumber, Inc., 655 F.2d 786, 789 (7th Cir. 1981); In re Ozer, 208 B.R. 630, 633 (Bankr. E.D.N.Y. 1997); In re Gracyk, 103 B.R. 865, 867 (Bankr. N.D. Ohio 1989); In re Atkinson, 62 B.R. 678, 679 (Bankr. D. Nev. 1986); In re Enriquez, 22 B.R. 934, 935 (Bankr. D. Neb. 1982). The rationale for the general rule is that once an asset has been abandoned, it is no longer part of the estate and is effectively beyond the reach and control of the trustee. In re Devore, 223 B.R. 193, 198 (9th Cir. B.A.P. 1998) (citing Ozer, 208 B.R. at 633). However, this general rule does not apply in all situations: abandonment under Section 554(a) and 554(b) are intentional acts, while abandonment under Section 554(c) may be inadvertent or mistaken. In re Woods, 173 F. 3d 770, 777-78 (10th Cir. 1999) (the general rule is "overbroad").

---

[5] The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 renumbered this subsection as Section 521(a)(1).

Some courts have allowed the revocation of a Section 554(c) abandonment under certain circumstances, basing their conclusion on the language of Section 554(c), which grants such discretion. Woods, 173 F. at 779-81 (affirming revocation under a F.R.C.P. 60(b) standard); In re Neville, 192 B.R. 825, 832 (D. N.J. 1996) (revocation allowed due to inadvertence); In re Shelton, 201 B.R. 147, 155 (Bankr. E.D. Va. 1996) (revocation allowed to permit trustee to administer jointly held assets of two different cases); In re Schmid, 54 B.R. 78, 81 (Bankr. D. Or. 1985) (revocation allowed under a F.R.C.P. 60 standard); In re Sutton, 10 B.R. 737, 741 (Bankr. E.D. Va. 1981) (using a F.R.C.P. 60 standard, court found no circumstances justifying revocation). The language of Section 554(c) supports this position, and the Court will adopt it.[6] Therefore, when a case is reopened, a court may revoke the abandonment of property that was abandoned under Section 554(c).

The Code gives no guidance as to what circumstances would justify not abandoning property of the estate to the debtor upon the closing of a case, or revoking the abandonment upon the reopening of the case. Pursuant to Federal Rule of Bankruptcy Procedure 9024, Federal Rule of Civil Procedure 60 is applicable to cases under the Bankruptcy Code. Rule 60(b) provides the appropriate standard. Woods, 173 F. at 779-81 ("While we agree with the many courts that have held that a bankruptcy court may, in appropriate circumstances, revoke a technical abandonment, we do so on the basis of Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(b)."); In re Schmid, 54

---

[6]This Court rejects the argument that the reopening of a case under Section 350(b) automatically revives the original case and negates any technical abandonments. See Compass Bank for Savings v. Billingham (In re Graves), 212 B.R. 692, 695-96 (1st Cir. B.A.P. 1997); Shelton, 201 B.R. at 155-56 (alternative holding); Figlio v. American Mgmt. Servs., Inc. (In re Figlio), 193 B.R. 420, 424-25 (Bankr. D. N.J. 1996) (concluding that a reopened case "was never 'closed'").

5

B.R. at 81; In re Sutton, 10 B.R. at 738.   Rule 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

The second issue this Court must determine is whether the abandonment of the Real Property should be revoked pursuant to Rule 60(b).  The facts do not support it.  The Debtor did not fail to schedule the Real Property; he listed it for its tax value, a common practice.  The Debtor did not prevent or hinder the Trustee from conducting an investigation of the Real Property, which the Trustee had the means to conduct.  The Trustee reviewed the value placed on the Real Property by the Debtor and compared it to the amount of the applicable liens, and he concluded that there was no equity in the property that would benefit the estate.  Such decisions are commonly made by bankruptcy trustees, often with less information than the Trustee had in this case.  Thus, the Trustee made a conscious decision not to administer the Real Property.  The Debtor and his fiancé, who is not in bankruptcy, intend to live in the residence located on the Real Property.  The record does not reflect whether the Real Property was worth more than $226,830 when the Debtor filed his bankruptcy on June 8, 2006, nor does it reflect whether and to what extent the Real Property had increased in value when the case was closed on January 3, 2007.  No evidence was presented that the Real Property was actually worth the $315,000 purchase price for which the fiancé, hardly an arms-length buyer, bought it.  Moreover, the fact that the Debtor has a buyer for the Real Property who is willing to pay more for it, two years

later, than the value listed on the petition date is not, without more, indicative of fraud, misconduct, or misrepresentation.  Assuming that the Real Property increased in value over the two years, such an increase alone does not constitute a basis to revoke the abandonment of the Real Property pursuant to Rule 60(b).  The Court finds no basis to revoke the abandonment.

## **CONCLUSION**

No basis exists for the Court to exercise its authority under Rule 60(b) and Section 554(c) to revoke the abandonment of the Real Property.  The Objection to Sale will be overruled, and the Motion to Sell will be granted, with all of the Net Proceeds to be distributed to the Debtor.

This opinion constitutes the Court's findings of fact and conclusions of law.  A separate order shall be entered pursuant to Rule 9021.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ZACHARY STAN SMITH, ) | Case No. 06-50738 |
| ) | |
| Debtor. ) | |
| _____ ) | |

**PARTIES IN INTEREST**

Zachary Stan Smith

Thomas C. Flippin

Edwin H. Ferguson, Jr., Trustee

Daniel R. Bruton