IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ZACHARY STAN SMITH, | ) | Case No. 06-50738 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION GRANTING ADMINISTRATIVE EXPENSES**

This matter came before the Court on October 15, 2008 pursuant to Section 503(b) of the Bankruptcy Code for the approval of the Application for Administrative Expenses (the "Application"), filed by the above-referenced debtor (the "Debtor") on August 14, 2008. A creditor, Surrey Investment Services ("SIS"), and the United States Bankruptcy Administrator filed objections to the Application on August 27, 2008 and September 10, 2008, respectively (the "Objections"). The hearing was initially scheduled for September 17, 2008, and was continued to October 1, 2008. The hearing was continued again to October 15, 2008, at which time Thomas C. Flippin appeared on behalf of the Debtor, Edwin H. Ferguson Jr. appeared on behalf of the Trustee, Daniel R. Bruton appeared on behalf of SIS, and Robert E. Price, Jr. appeared on behalf of the Bankruptcy Administrator. At the conclusion of the October 15, 2008 hearing, the Court invoked Bankruptcy Rule 7052 and make verbal findings of fact and legal conclusions so that an order might be entered. The Court will, as time permits, supplement those findings of fact and conclusions at law.

Upon a review of the entire official file and other matters of record in this case, including the statements of all parties the October 15, 2008 hearing, the Court finds and concludes as follows.

1. The Application requests an administrative claim pursuant to Section 503(b)(1)(A) in the amount of $15,158.73. The unscheduled lawsuit that caused the reopening of this case (the "Lawsuit") was property of the estate before the closing of the case on January 3, 2007, and it was property of the estate after the case was reopened on May 11, 2007. In re Hamlett, 304 B.R. 737, 743 (Bankr. M.D.N.C. 2003) (Stocks, J.) (assets not listed on debtor's schedules are not abandoned under Section 554(c) and remain property of the estate). The Debtor incurred certain expenses in pursuing the Lawsuit between that date that the case was closed and the date that it was reopened. Such expenses form the basis for an administrative expense claim (the "Eligible Lawsuit Expenses") by the Debtor. The Eligible Lawsuit Expenses total $11,130.70, which includes $3,930.70 in attorneys fees and expenses and $7,200.00 in expert consultant fees. The Eligible Lawsuit Expenses meet the requirements of Section 503(b)(1)(A) because they were actual, necessary costs and expenses of preserving an asset of the estate. Furthermore, the Court finds that the expenditure of the Eligible Lawsuit Expenses by the Debtor benefitted the estate by enhancing the value of the Lawsuit.

2. Section 503(b)(2) of the Bankruptcy Code allows administrative claims for professional persons employed under Section 327. In Lamie v. U.S. Trustee, 540 U.S. 526, 538-39 (2003), the United States Supreme Court concluded that Section 330(a)(1) does not authorize compensation to a debtor's attorney from estate funds in a Chapter 7 bankruptcy unless the attorney is employed pursuant to Section 327 of the Bankruptcy Code. SIS and the Trustee argue that Lamie prohibits the allowance of attorneys' fees and expenses post-petition because the Debtor's attorney was not employed by the estate pursuant to Section 327. But Lamie is distinguishable because it addressed the reimbursement of Section 327 professional fees and expenses, which might be administrative expenses pursuant to Section 503(b)(2), rather than

preservation expenses, which might be administrative expenses pursuant to Section 503(b)(1)(A). Id.  Furthermore, Lamie did not address the payment of attorney fees and expenses of counsel for the Debtor that were incurred after a case was closed and before it was reopened.  After a case is closed, the trustee is released and the estate ceases to exist, making Section 327 compliance an absurdity.  The Eligible Lawsuit Expenses were incurred by the Debtor after the case was closed.  During the period in question, counsel for the Debtor could not have been employed by the estate.  Lamie has no application to the allowance of administrative expenses in a reopened case pursuant to Section 503(b)(1)(A).

   3.  The Eligible Lawsuit Expenses are administrative expenses in this case pursuant to Section 503(b)(1)(A).

  For the reasons stated above, the Objections should be sustained in part and overruled in part.  The Application should be granted in the amount of $11,130.70.  This opinion constitutes the Court's findings of fact and conclusions of law.  A separate order shall be entered pursuant to Rule 9021.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ZACHARY STAN SMITH, | ) | Case No. 06-50738 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

**PARTIES IN INTEREST**

Zachary Stan Smith

Thomas C. Flippin

Edwin H. Ferguson, Jr., Trustee

Daniel R. Bruton

Robert E. Price, Jr.