IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ZACHARY STAN SMITH, | ) | Case No. 06-50738 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |

## SUPPLEMENTAL MEMORANDUM OPINION
## GRANTING ADMINISTRATIVE EXPENSES

As stated in the Memorandum Opinion Granting Administrative Expenses, entered on November 5, 2008, this Court hereby supplements its previous findings of fact and conclusions of law concerning the Application for Administrative Expenses (the "Application"), filed by the above-referenced debtor (the "Debtor") on August 14, 2008, and the objections to the Application filed by Surrey Investment Services ("SIS") and the United States Bankruptcy Administrator on August 27, 2008 and September 10, 2008, respectively (the "Objections").

This matter came before the Court on October 15, 2008 pursuant to Section 503(b) of the Bankruptcy Code for the approval of the Application. At the conclusion of the hearing, the Court make verbal findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure so that an order might be entered promptly.

### JURISDICTION

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (B), which this Court has the

jurisdiction to hear and determine.

## FACTS

On June 8, 2006, the Debtor filed for relief under Chapter 7. The Debtor did not disclose a certain lawsuit (the "Lawsuit") as an asset on his schedules. The Lawsuit is a counterclaim by the Debtor against SIS in an action pending in Surrey County Superior Court titled "Surrey Investment Services, Inc. v. Stan Smith," Case Number 05-CVS-721. On August 7, 2006, Edwin H. Ferguson, Jr., the duly-appointed Chapter 7 trustee (the "Trustee"), filed a Trustee's Report of No Distribution, which concluded there were no assets in the estate to administer. On December 12, 2006, the Debtor received his discharge. On January 1, 2007, the case was closed. On February 22, 2007, the Trustee filed a motion to reopen the case because he discovered an unscheduled asset, the Lawsuit. On May 11, 2007, the Honorable Catharine R. Carruthers entered an order reopening the case and reappointing Mr. Ferguson as the Trustee.

On February 15, 2008, the Trustee moved to approve a settlement with the Debtor in which the Debtor would purchase from the estate the right to prosecute the Lawsuit for $12,500. On February 20, 2008, SIS objected to the motion, making a competing offer of $15,000. On February 29, 2008, the Debtor moved to value the amount that he had invested in the Lawsuit and for authority to credit bid that amount in any process to sell the Lawsuit. On May 21, 2008, Judge Carruthers entered an order that found that the SIS bid was made after the deadline for bidding had expired. Judge Carruthers granted the Trustee's motion to settle with the Debtor for $12,500 and denied the Debtor's motion for valuation as moot. On May 5, 2008, SIS filed a Motion to Reconsider the May 21, 2008 order approving the settlement. On July 15, 2008, Judge Carruthers granted the Motion to Reconsider and set forth a procedure for the Trustee to sell the Lawsuit. The Debtor was allowed 30 days to file an application for administrative expenses.

Judge Carruthers further ordered the Trustee to solicit bids on the Lawsuit within ten days after the final resolution of the Debtor's application.

On August 14, 2008, the Debtor filed the Application, which requested $15,158.73 in legal fees and consulting fees. A redacted copy of invoices for legal and consulting fees incurred by the Debtor was attached to the Application. SIS and the Bankruptcy Administrator filed Objections to the Application. SIS objected because the Court had not authorized the Debtor to employ attorneys or consultants under Section 327, so they could not be compensated by the bankruptcy estate, citing Lamie v. U.S. Trustee, 540 U.S. 526, 538-39 (2003). The Bankruptcy Administrator objected because the documentation supporting the Application was so redacted that a reasonable determination of fees could not be made. The Bankruptcy Administrator also argued that Section 330(a) does not permit compensation of Debtors' attorneys unless their employment is authorized under Section 327, citing Lamie as well.

On October 15, 2008, the Court held a hearing on the Application. SIS, the Bankruptcy Administrator, and the Trustee opposed the granting of the Application. During the hearing, the Court recessed and reviewed an un-redacted copy of the invoices that the Debtor produced as evidence of his legal and consulting expenses. The Court found that only one entry on the legal invoices was privileged, so all parties were allowed to review the invoices for the period between the closing of the case and its reopening. The Court informed the parties that Lamie did not apply to expenses incurred after the case was closed and before it reopened. The Court found that the Debtor incurred certain expenses in pursuing the Lawsuit between the date that the case was closed and the date that it was reopened (the "Eligible Lawsuit Expenses"). Such expenses, including $3,930.70 in attorneys fees and expenses and $7,200.00 in expert consultant fees, are detailed as follows:

**TABLE OF ELIGIBLE LAWSUIT EXPENSES**

| Date | Attorney Fee Detail | Time (hrs) | Fee ($) |
|---|---|---|---|
| 1/04/07 | Phone Conference with Robert Pulliam; Email from Stan Smith, Review and respond to email from Stan Smith, Phone conference with Robert Pulliam. | 0.75 | $225 |
| 1/11/07 | Conference with Stan Smith and Robert Pulliam; Review e-mail from Stan Smith. | 1.25 | $375 |
| 1/12/07 | Review correspondence and form engagement letter agreements from Robert Pulliam; Letter to Stan Smith. | 0.50 | $150 |
| 1/15/07 | Review and respond to emails from Stan Smith; Dictate instructions to paralegal; Email to Robert Pulliam. | 0.75 | $225 |
| 1/16/07 | Review Emails form Robert Pulliam; Review File Data; Dictate instructions to paralegal; E-mail to Robert Pulliam; Letter to Robert Pulliam; Dictate instructions to paralegal; Review Email from Stan Smith | 1.00 | $300 |
| 1/18/07 | Review and Sign Expert witness engagement letters; Review Letter to Robert Pulliam. | 0.25 | $ 75 |
| 1/19/07 | Review and Respond to emails from Robert Pulliam and Stan Smith | 0.25 | $ 75 |
| 1/31/07 | Review and respond to email from Stan Smith | 0.25 | $ 75 |
| 2/01/07 | Review email from Stan Smith | 0.25 | $ 75 |
| 2/02/07 | Review email from Robert Pulliam; Review email from Stan Smith | 0.25 | $ 75 |
| 2/06/07 | Review e-mail from Robert Pulliam; Review email from Stan Smith; Review email from Robert Pulliam; Review and respond to email from Stan Smith. | 0.50 | $150 |
| 2/07/07 | Review and respond to e-mail from Stan Smith | 0.25 | $ 75 |
| 2/12/07 | Phone conference with Robert Pulliam; Review Expert Witness Report; Dictate instructions to paralegal | 0.75 | $225 |
| 2/13/07 | Review email from Stan Smith; Review expert witness report; Email to Robert Pulliam; Phone conference with Robert Pulliam; Review email from Stan Smith. | 1.00 | $300 |

| 2/14/07 | Email to Stan Smith; Review and respond to emails from Stan Smith; Review fax from Stan Smith; Email to Stan Smith; Phone conference with Ed Ferguson's office; Review email from Stan Smith. | 1.00 | $300 |
|---|---|---|---|
| 2/15/07 | Phone conference with Marsha of Ed Ferguson's office; Email to Ed Ferguson; Phone conference with Stan Smith. | 0.75 | $225 |
| 2/16/07 | Review and respond to email from Stan Smith. | 0.25 | $ 75 |
| 2/19/07 | Review and respond to email from Stan Smith. | 0.50 | $150 |
| 2/20/07 | Review and respond to emails from Stan Smith; Phone conference with Robert Pulliam. | 0.50 | $150 |
| 2/22/07 | Review message from Ed Ferguson's office; Email to Stan Smith; Review message from Tom Flippen; Phone conference with Tom Flippen's office; Review email from Stan Smith; Review motion to Reopen. | 1.00 | $300 |
| 2/23/07 | Review email from Stan Smith; Phone conference with Stan Smith; Review correspondence from Robert Pulliam; Letter to Stan Smith. | 0.50 | $150 |
| 2/26/07 | Review Motion to Reopen Chapter 7 Case and Motion for Reappointment as Chapter 7 Trustee. | .25 | $75 |
| | Total Legal Fees | 13.00 | $ 3,900.00 |
| | Total Legal Expenses | | $     30.70 |
| | Total Expert Witness Fees | 47.70 | $ 7,200.00 |
| | Total Fees and Expenses | | $11,130.70 |

The Debtor testified concerning his prosecution of the Lawsuit. He testified that he notified the Trustee of the lawsuit at his first meeting of creditors. The Debtor believed that the rights to the Lawsuit reverted to him after the case was closed. The Debtor then took steps to prosecute the case, including retaining counsel and hiring a consultant upon the advice of his counsel. The Debtor also testified that the consultant was employed (a) to determine the potential amount of the damages that he sought and (b) to testify as an expert witness as to damages. Finally, the Debtor testified that he was copied with an e-mail to the Trustee, by which

the Trustee was made aware of the consultant's findings as to damages. The Trustee then moved to reopen the case.

Upon his review of the un-redacted invoices and considering the Court's interpretation of Lamie, the Bankruptcy Administrator withdrew his objection and supported the Application. SIS and the Trustee continued to oppose the granting of the Application in any amount. At the conclusion of the hearing, the Court granted the Application in the amount of $11,130.70.

## ANALYSIS

The Application requests an administrative claim pursuant to Section 503(b)(1)(A) of the Bankruptcy Code in the amount of $15,158.73. The Lawsuit was property of the estate before the closing of the case on January 3, 2007, and it was property of the estate after the case was reopened on May 11, 2007. In re Hamlett, 304 B.R. 737, 743 (Bankr. M.D.N.C. 2003) (Stocks, J.) (assets not listed on debtor's schedules are not abandoned under Section 554(c) and remain property of the estate). The Debtor incurred the Eligible Lawsuit Expenses in pursuit of the Lawsuit between that date that the case was closed and the date that it was reopened. The Eligible Lawsuit Expenses form the basis for an administrative expense claim by the Debtor. They meet the requirements of Section 503(b)(1)(A) because they were actual, necessary costs and expenses of preserving an asset of the estate, which provided as actual benefit to the estate as evidenced by the bidding between the Debtor and SIS. See In re Midway Airlines Corp., 406 F. 3d 229, 234 (4th Cir. 2005)(requiring an actual benefit to the estate for an administrative expense.); Ford Motor Credit v. Dobbins, 35 F.3d 860, 866 (4th Cir. 1994)(holding that an actual, concrete, benefit to the estate is required for an administrative expense claim). The Court finds that the expenditure of the Eligible Lawsuit Expenses by the Debtor benefitted the estate by enhancing the value of the Lawsuit. Id. But for the Debtor's actions, including the employment

of counsel and an expert witness, the Lawsuit would have little, if any, value.

Section 503(b)(2) of the Bankruptcy Code allows administrative claims for professional persons employed under Section 327.  In Lamie v. U.S. Trustee, 540 U.S. 526, 538-39 (2003), the United States Supreme Court concluded that Section 330(a)(1) does not authorize compensation to a debtor's attorney from estate funds in a Chapter 7 bankruptcy unless the attorney is employed pursuant to Section 327 of the Bankruptcy Code.   SIS and the Trustee argue that Lamie prohibits the allowance of attorneys' fees and expenses post-petition because the Debtor's attorney was not employed by the estate pursuant to Section 327.  But Lamie is distinguishable  because it addressed the reimbursement of Section 327 professional fees and expenses, which might be administrative expenses pursuant to Section 503(b)(2), rather than preservation expenses, which might be administrative expenses pursuant to Section 503(b)(1)(A). See In re Blurton, 334 B.R. 602, 606-607 (W.D. Tenn. 2005) (finding Lamie applies to Section 503(b)).  Furthermore, Lamie did not address the payment of attorney fees and expenses of counsel for the Debtor that were incurred after a case was closed and before it was reopened. After a case is closed, the trustee is released and the estate ceases to exist, making Section 327 compliance an absurdity because, as a general rule, the bankruptcy court's jurisdiction ceases with the closing of the case.  See Walnut Associates v. Saidel, 164 B.R. 487, 490-491 (E.D. Pa. 1994); In re Banks-Davis, 148 B.R. 810, 812-813 (Bankr. E.D. Va. 1992).  The Eligible Lawsuit Expenses were incurred by the Debtor after the case was closed.  During the period in question, counsel for the Debtor could not have been employed by the estate.  Lamie has no application to the allowance of administrative expenses in a reopened case pursuant to Section 503(b)(1)(A). The Eligible Lawsuit Expenses are administrative expenses in this case pursuant to Section 503(b)(1)(A).

## CONCLUSION

For the reasons stated above, the Objections should be sustained in part and overruled in part. The Application should be granted in the amount of $11,130.70. This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Rule 9021.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ZACHARY STAN SMITH, ) | Case No. 06-50738 |
| ) | |
| Debtor. ) | |
| _____ ) | |

**PARTIES IN INTEREST**

Zachary Stan Smith

Thomas C. Flippin

Edwin H. Ferguson, Jr., Trustee

Daniel R. Bruton

Robert E. Price, Jr.